UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

NOV 23 2009

Clerk, U.S. District and
Bankruptcy Courts

Russell E.D. Robinson,        )
                              )
        Plaintiff,             )
                              )
v.                            )  Civil Action No.  09 2215
                              )
Federal Bureau of Prisons,    )
                              )
        Defendant.             )

## MEMORANDUM OPINION

This civil action, brought *pro se*, is before the Court on its initial review of the complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed on the ground of *res judicata*.

Plaintiff is a federal prisoner incarcerated in Jesup, Georgia. He challenges as unconstitutional the Bureau of Prisons's policy "requiring 'TRULINCS' Generated Outgoing Mailing Labels." Compl. at 1. Plaintiff acknowledges that the United States District Court for the Southern District of Georgia has dismissed his case raising the same claim against Bureau of Prison employees. *See* Compl. at 2; *Robinson v. Coughlin*, Civ. Action No. 209-089 (S.D. Ga.) (Order of August 18, 2009) (adopting Magistrate Judge's Report and Recommendation of August 4, 2009) (dismissing case for failure to state a claim upon which relief may be granted).

Under the principle of *res judicata*, a final judgment on the merits in one action "bars any further claim based on the same 'nucleus of facts' . . . ." *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984) (quoting *Expert Elec., Inc. v. Levine*, 554 F.2d 1227, 1234 (D.C. Cir. 1977)) and involving the same parties or their privies. *Taylor v. Blakey*, 490 F.3d 965, 969-70 (D.C. Cir. 2007) (citing cases). *Res judicata* bars not only the relitigation of claims that were

previously raised, but also of claims that "*could have been raised* in that action." *Apotex, Inc. v. Food & Drug Admin.*, 393 F.3d 210, 218 (D.C. Cir. 2004) (quoting *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002)) (emphasis in original). Thus, plaintiff may not circumvent this bar by raising a new legal theory. *Id.* Because the underlying facts of this civil action existed at the time of the prior civil action in Georgia, plaintiff is foreclosed from litigating the claim anew in this Court. A separate Order of dismissal accompanies this Memorandum Opinion.

Date: November October 3, 2009

United States District Judge